# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-797

STATE OF LOUISIANA

VERSUS

DAVID BILLY PARKER, JR.


\*\*\*\*\*\*\*\*\*\*\*\*\*

## ON REMAND

\*\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6566-16
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## CANDYCE G. PERRET
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Candyce G. Perret, and Jonathan W. Perry, Judges.


**CONVICTIONS AND SENTENCES VACATED;
REMANDED FOR NEW TRIAL.**

**Mary Constance Hanes**
**Louisiana Appellate Project**
**Post Office Box 4015**
**New Orleans, LA 70178-4015**
**(504) 866-6652**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **David Billy Parker, Jr.**

**John F. DeRosier**
**14th JDC District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Elizabeth B. Hollins**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PERRET, Judge.**

Defendant, David Billy Parker, Jr., was convicted of armed robbery and of false imprisonment with a dangerous weapon on January 26, 2018. The trial court sentenced Defendant to seventy-five years without benefit of parole, probation, or suspension of sentence for armed robbery and to ten years for false imprisonment with a dangerous weapon. The trial court ordered the sentences to run consecutively to each other and consecutively to prior sentences in another case for a total of one hundred forty years in jail, with credit for time served.

This court affirmed Defendant's convictions but vacated his sentence for false imprisonment with a dangerous weapon and remanded the case for resentencing with instructions for the trial court to specify whether the sentence was to be served with or without hard labor. This court also amended Defendant's sentence for armed robbery to reflect it was to be served at hard labor. *State v. Parker*, 18-797 (La.App. 3 Cir. 5/1/19), 270 So.3d 759. Defendant timely filed a writ application with the Louisiana Supreme Court on May 21, 2019. One of his assignments of error alleged the unconstitutionality of his ten-to-two jury verdict.

On June 3, 2020, the Louisiana Supreme Court granted Defendant's writ application on that issue and remanded the case to this court. *State v. Parker*, 19-825 (La. 6/3/20), ___ So.3d ___ (per curiam). On remand, this court now vacates Defendant's convictions and sentences and remands this matter to the trial court for a new trial.

**DISCUSSION:**

After the trial court announced the jury verdict at trial, it noted, "The polling results, after review of the same, was [sic] ten to two for a guilty verdict on each count." On April 20, 2020, the United States Supreme Court held Louisiana's provision for a non-unanimous jury verdict was unconstitutional. *Ramos v.*

*Louisiana*, 590 U.S. \_\_\_, 140 S.Ct. 1390 (2020).  Although the concurring justices did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permitted by the Sixth Amendment to the Constitution.  The prohibition applies to the states through the Fourteenth Amendment.  *Id.* at p. 1397; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, JJ.  The decision applies to cases pending on direct review.

As the supreme court noted in its remand, Defendant's case was still in the process of direct review at the time of the *Ramos* decision.  Thus, *Ramos* applies and requires Defendant's convictions by a non-unanimous jury be reversed.

**DECREE:**

For these reasons, Defendant's convictions and sentences are reversed, and this case is remanded to the trial court for a new trial pursuant to *Ramos v. Louisiana*, 590 U.S. \_\_\_, 140 S.Ct. 1390 (2020).

**CONVICTIONS AND SENTENCES VACATED; REMANDED FOR NEW TRIAL.**